# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALEJANDRO ORUE,

    Plaintiff,

vs.

SMART WAY OF FLORIDA INC.,
A Florida Profit Corporation, and CHRIS BARNES
individually

    Defendant(s).
_____/

## COMPLAINT

Plaintiff ALEJANDRO ORUE, (hereinafter, "Plaintiff") by and through his undersigned attorney hereby sues Defendants SMART WAY OF FLORIDA INC, a Florida profit Corporation (hereinafter, "SMART WAY") and CHRIS BARNES, individually (hereinafter "BARNES") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and pursuant to Florida workers' compensation laws under Florida Statute § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

1

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a full-time mechanic and manager from on or about September 20, 2020 until on or about March 25, 2021. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Plaintiff was, at all times relevant, an employee of Defendants as that term is defined in Florida Statutes § 440.02(15)(a).

7. SMART WAY is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. SMART WAY had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. SMARTWAY is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, SMART WAY is in the vehicle repair business and works with vehicle parts, vehicle repair tools, and automotive shop machinery.

10. Defendant SMART WAY was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

11. Defendant BARNES is an owner and or manager, and exercised operational control over the activities of, corporate Defendant, SMART WAY.

12. Plaintiff's work for Defendants was in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce.

13. At all times material to this Complaint, SMART WAY has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. SMART WAY upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Defendants were an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS AS TO COUNTS I-VI**

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Though Plaintiff was titled as a manager, he did not do anything different than the individuals he was "managing." At least 80% of Plaintiff's day to day work in a given week involved

working on cars rather than giving directives to employees. Further, Plaintiff did not have any hiring or firing authority, could not set other employee's pay or discipline employees.

19. At all relevant times, throughout his employment, Plaintiff was to be paid at a salary of $1,200 per week. The Defendants established a weekly pay period, such that the employees were supposed to get paid once a week for the seven (7) day period ending the immediately preceding. However, since the beginning of his employment, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

20. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for many hours worked for Defendants. For example, Defendants failed to compensate Plaintiff at all for the worked he performed from February 8, 2021-February 22, 2021

21. Plaintiff made several complaints to Defendants that he was not being paid even a minimum hourly wage when due, and that his wages were due in arrears to such an extent, that his wages were being paid late. Specifically, Plaintiff made his last complaint on February 23, 2021 to BARNES.

22. However, Defendants did not cure the deficiency. As a result, there were times during his employment when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

23. Throughout Plaintiff's employment, Plaintiff generally worked 45-80 hours per week. However, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

26. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

27. On February 25, 2021, two days after his last complaint, BARNES terminated Plaintiff in retaliation of his complaint of improper pay.

28. Plaintiff suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to the timely payment of wages and complained regarding the failure of the Employer to comply with the obligation to make timely wage payments.

29. Declaratory, injunctive, legal, and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

30. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## GENERAL ALLEGATIONS FOR COUNT V ONLY

33. On or about January 11, 2021, while he was unloading a car door, Plaintiff fell and injured his back, left side , left knee and left arm and shoulder.

34. The same day, Plaintiff reported the injury to his supervisor BARNES. Plaintiff inquired about going to the hospital but Plaintiff was asked to complete the workday.

35. Plaintiff's requests for medical benefits were never addressed. Shortly thereafter he was terminated on or about March 25, 2021.

36. On or about May 11, 2021, a petition for workers compensation benefits was filed on Plaintiff's behalf.

37. That same day, upon being notified of Plaintiff's petition, BARNES reported a false theft with the sheriff's office against Plaintiff.

38. Plaintiff, throughout his tenure with Defendants, had a satisfactory work record.

39. As a result of the false accusations made by Defendant, Plaintiff incurred legal costs.

40. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES against SMART WAY

41. Plaintiff re-alleges and reaffirms paragraphs 1 through 32 as fully set forth herein.

42. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

43. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

44. Specifically, SMART WAY failed to compensate Plaintiff for the last two (2) weeks of his employment. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

45. SMART WAY knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

46. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

47. By reason of the said intentional, willful and unlawful acts of SMART WAY, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

49. SMART WAY never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

50. As a result, SMART WAY's willful violations of the Act, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SMART WAY.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against SMART WAY

52. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

53. This action is brought by Plaintiff to recover from Defendant SMART WAY unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

54. Since the commencement of Plaintiff's employment SMART WAY has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

55. Specifically, throughout his employment Plaintiff regularly worked over fifty (50) hours during each workweek in which he was employed.

56. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

57. SMART WAY is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). SMART WAY's business activities involve those to which the Fair Labor Standards Act applies.

58. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

59. SMART WAY has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

60. By reason of the said intentional, willful, and unlawful acts of SMART WAY, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

61. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

62. SMART WAY never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

63. As a result of SMART WAY's willful violations of the Act, Plaintiff is entitled to liquidated damages.

64. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SMART WAY.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## FLSA RETALIATION against SMART WAY

65. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

66. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee."

67. SMART WAY's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

68. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

69. SMART WAY's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against SMART WAY:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

   C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

   D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against BARNES

70. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

71. At the times mentioned, Defendant CHRIS BARNES was, and is now, a corporate officer of corporate Defendant, SMART WAY.

72. CHRIS BARNES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JORGE A. CACERES acted directly in the interests of Defendant SMART WAY in relation to its employees including Plaintiff.

73. Specifically, BARNES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

74. BARNES had operational control of the business and is thus jointly liable for Plaintiff's damages.

75. Defendant BARNES willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF FLSA/UNPAID WAGES against BARNES

76. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

77. At the times mentioned, Defendant BARNES was, and is now, a corporate officer of corporate Defendant SMART WAY.

78. BARNES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant SMART WAY in relation to its employees including Plaintiff.

79. Specifically, BARNES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

80. BARNES had operational control of the business and is thus jointly liable for Plaintiff's damages.

81. Defendant BARNES willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

    compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**FLSA RETALIATION *against* BARNES**

82. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 32 of this complaint as if set out in full herein.

83. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

84. BARNES' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

85. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's termination as described above was Plaintiff's complaints for proper payment of his earned wages.

86. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant BARNES:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
## VIOLATION OF WORKERS' COMPENSATION LAWS against SMART WAY

58. Plaintiff re-alleges and re-avers paragraphs 1-16 and 33-40 as though fully set forth herein.

59. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

60. On or about January 11, 2021, Plaintiff had a work related accident while he was working at the restaurant.

61. That same day Plaintiff sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

62. On or about March 25, 2021 Plaintiff was terminated from his position without a valid reason. Prior to his injury, Plaintiff had not made aware of any performance deficiencies.

63. On or about May 11, 2021, after a petition for benefits was filed on behalf of the Plaintiff, Defendant falsely accused Plaintiff of steeling.

64. It is clear that Defendant terminated Plaintiff and or made false accusations against him because of his valid claim for compensation under the Workers' Compensation Law.

65. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff and/or accuse Plaintiff of theft, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

66. Plaintiff's work record with Defendant prior to his termination was satisfactory.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

68. Any purported reason given by Defendant is pretextual.

    WHEREFORE, Plaintiff demands judgment for:

    A. Plaintiff's lost wages and/or benefits as a result of his termination;

    B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

    C. Interest on all monies owed;

    D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

    E. A trial by jury; and

    F. Any other relief this Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ALEJANDRO ORUE demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 2, 2021                    **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com